Albany County National Bank, appellee, v. E. D.. Gould, appellant.

Filed March 27, 1919.   No. 20177.

1. **Bills and Notes:** Indorsement. "Except where an indorsement bears date after maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue." Rev. St. 1913, sec. 5363.

2. ————: Action: Pleading. Where a petition upon a promissory note pleads that the plaintiff purchased the note in the usual course of business and for a valuable consideration, without notice of any defense thereto, and that the note was indorsed and delivered to him, this plea, when considered in connection with section 5363, *supra*, and section 5370, Rev. St. 1913, defining a holder in due course, constitutes an affirmative plea that the note was sold and indorsed before maturity.

3. **New Trial:** Filing Reply Without Leave: Trial. It was alleged as ground for a new trial that before the trial, without leave of court, and without the knowledge of defendant's counsel, until after the trial, a reply setting up the purchase of the note before maturity was filed. It appeared that some time before the reply was filed the deposition of the principal witness for plaintiff was taken, and his examination was directed to the facts as to the purchase of the note before maturity, and without notice of any defense. Counsel for defendant appeared and cross-examined fully. This evidence was introduced at the trial. *Held,* that the case was tried as if such a reply had been filed, and that it was not erroneous to refuse to grant a new trial upon the grounds set forth.

Appeal from the district court for Buffalo county: Bruno O. Hostetler, Judge. *Affirmed.*

*W. P. McCreary* and *Warren Pratt,* for appellant.

*John A. Miller, contra.*

Letton, J.

Action upon a promissory note. Defense, failure of consideration. Trial by jury, judgment for plaintiff, defendant appeals.

The petition alleges that the defendant made and delivered his promissory note in the sum of $2,000 to one J. M. Herbert; "that thereafter, and in the usual course of business, and for a valuable consideration, and without notice of any defense thereto, this plaintiff purchased said note, and is now the lawful owner and holder thereof, and that at said time the said J. M. Herbert and the Herbert Stock Farm Company indorsed and delivered said note to this plaintiff, who has ever since been the owner thereof." Default in the payment of the note was alleged, and judgment prayed for the amount thereof. The answer admits the execution and delivery of the note to Herbert, pleads that it was given for the purchase of certain mares, as to which false and fraudulent representations were made by the vendor, and alleges an entire failure of consideration. A reply was filed on November 29, 1916, which contained a general denial of the new matter in the answer, and an allegation that plaintiff acquired the note before maturity for a valuable consideration, without notice of any infirmity or defense thereto. The case came on for trial on December 11, 1916. The court instructed the jury in accordance with the pleadings, and a verdict was rendered for plaintiff.

One of the grounds set forth in the motion for a new trial is that the defendant was surprised by the filing of a reply setting forth the purchase of the note before maturity, which reply was filed out of time, without leave of court, and after the case had been set down for trial, and as to which he had no notice until after the close of the evidence, so that he was unable to make any preparation to refute the new allegations. On the same day a motion to strike that portion of the reply was also filed. Both of these motions were overruled and judgment rendered upon the verdict.

The evidence supports the allegations that the note was purchased before maturity and without notice of any defense. The only material question in the case is whether it was prejudicial error to refuse to grant a

new trial because the reply was filed out of time, and, as alleged, without the knowledge of defendant and his counsel. It appears that the deposition of C. B. Spalding, cashier of the plaintiff bank, was taken on the 28th of October, 1916, before the reply was filed. His testimony was directed to the facts concerning the purchase of the note, which he testified was sold and indorsed to the bank before maturity, without notice of any defense. Mr. Pratt, one of the counsel for defendant, appeared at that time, and cross-examined fully and particularly as to the time of the purchase and the consideration given. It appears from these facts that before the reply was filed defendant was fully informed as to the testimony which would be produced at the trial with reference to the purchase of the note.

Moreover, the allegations of the petition as to the purchase of the note hereinbefore set forth, when considered in connection with section 5363, Rev. St. 1913, "Except where an indorsement bears date after maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue," and section 5370, Rev. St. 1913, defining a holder in due course, constitute a plea that the note was sold and indorsed before maturity, so that, even if no reply had been filed, the pleadings raised this issue.

We find no erroneous statement of law in the instructions. The cases cited by the appellant are so different in their facts that they afford no light upon the question before us. No prejudicial error occurred, and the judgment of the district court is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.